People of the State of Illinois, Plaintiff-Appellee, v. Robert Hester, Defendant-Appellant.

**Gen. No. 49,494.**

First District, Second Division.

April 21, 1964.

William A. Hertzberg, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

Defendant, Robert Hester, was indicted and tried for the crime of possession of narcotic drugs, was found guilty after a bench trial in the Criminal Court of Cook County, and was sentenced to a term of imprisonment of not less than five years nor more than

ten years. Defendant prosecutes this appeal contending that his guilt was not proven beyond a reasonable doubt and he did not receive a fair and impartial trial.

■ The People's case was established by the testimony of two police officers, James Gary and Emmons Russell, who testified that while they approached the defendant, who was leaning against a car near the intersection of 43rd Street and Evans Avenue in the City of Chicago, they observed him release from his right hand a small brown package which fell to the sidewalk about three feet from the defendant. The two policemen testified that they had known the defendant previously, were watching him as they approached and were approximately seven feet from him when the package was released. The incident occurred at 10:45 p. m. on the evening of August 31, 1960. The record shows that street lights were operative on the corners of the intersection and a cleaning establishment at the corner supplied additional lighting.

The package was immediately retrieved by the policemen and found to contain three hypodermic needles, five cigarettes and twenty-five pink capsules. A field test of the contents of one of the capsules was performed immediately and the capsule was found to contain heroin. Hester was then arrested despite his denial of any knowledge of the contents of the package or any association with it. Hester's car was subsequently searched.

Officer Gary retained the package and at police headquarters placed the cigarettes in one envelope and the capsules in another. In Officer Russell's presence Officer Gary signed and sealed both envelopes. At the trial both Gary and Russell identified each envelope. The envelopes were placed in the crime laboratory vault whence they were removed by Charles Vondrak,

309

a narcotics analyst, who verified after a qualitative analysis that the cigarettes contained marijuana and the capsules contained heroin.

The defendant presented three witnesses who told a story substantially contradictory to the evidence presented by the People. Defendant's wife, Ruth Hester, testified she was with her husband at a tavern on the evening in question. He went out for a breath of fresh air. She later followed him out and observed him up against a wall with the police. She spoke to one of the officers and he told her that they had been looking for him. Ruth told him she knew nothing of defendant's narcotics peddling. She observed that another officer was searching around the car and after she had been there about twenty minutes the officer found the package on the sidewalk near the car. She heard defendant deny owning the package.

Defendant's sister, Essie Hester, next testified she observed the incident. She had been with the Hesters at the tavern and had followed Ruth Hester out. She testified the officers were searching defendant and his car and were looking around the ground with a flashlight. After about twenty minutes the officer said: "Oh, this is it." He then stooped and picked up a package from the street. Essie testified that the defendant denied owning the bag and that she heard one policeman state: "we play dirty."

Defendant took the stand, stated he had been leaning against the car, was approached by the police and asked: "Where is your friend with the baby?" Defendant had no reply. The officers then searched him and the car. After finding nothing, Officer Gary again searched around the car and the defendant heard him say: "Oh, here it is." Defendant denied the package was his. Later in the car Officer Russell stated: "this is yours. We going to prove this is yours . . . Well, you should help yourself now . . . this is a game and we play dirty."

Presented with the difference in testimony, the court after viewing the witnesses and listening to their stories weighed their credibility and found the defendant guilty. Where the testimony is opposed it is well settled that the court may find the defendant guilty after weighing the credibility of the parties. People v. Harper, 26 Ill2d 85, 91, 185 NE2d 865 (1962); People v. Pigrenet, 26 Ill2d 224, 227, 186 NE2d 306 (1962); People v. King, 26 Ill2d 586, 587, 188 NE2d 11 (1963); People v. Green, 27 Ill2d 39, 41, 42, 187 NE2d 708 (1963); People v. Jones, 30 Ill2d 186, 189, 190, 195 NE2d 698 (1964). Here the testimony of the police officers regarding the finding of the package was clear and consistent. The court weighed the credibility of the witnesses. Sufficient evidence was presented to convict beyond a reasonable doubt.

■ During cross-examination of Officer Gary counsel for defendant asked: "What made you start to cross the street?" Officer Gary replied: ". . . that was the general direction of travel for one thing, and another thing, I know Robert Hester and observed him when I was walking across the street to approach him. To me he is a known addict and a lesser peddler of narcotics." Counsel moved for a mistrial. The court indicated that he believed the answer was responsive to counsel's question.

The People carefully conducted this trial to avoid the solicitation of prejudicial testimony. Defendant's counsel himself elicited the above responsive reply. The People are not responsible for questions asked by the attorney for the accused, nor for the answers to such questions by the People's witnesses. People v. Burage, 23 Ill2d 280, 282, 283, 178 NE2d 389 (1961); People v. Henry, 3 Ill2d 609, 613, 614, 122 NE2d 159 (1954); People v. Maciejewski, 294 Ill 390, 398, 399, 128 NE 489 (1920). Furthermore, a trial court is not obligated to exclude improper evidence where a defendant makes no objection, nor moves to exclude it.

People v. Burage (supra at 283); People v. Henry (supra at 614); People v. Kissane, 347 Ill 385, 391, 179 NE 850 (1932).

There is no error apparent in the conduct of this trial and there was substantial evidence to support the conviction beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.