(No. 38464.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALONZO THOMAS, Plaintiff in Error.

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

STEVEN L. LARSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Alonzo Thomas, was convicted of murder after a trial by jury in the criminal court of Cook County on March 9, 1961, and was sentenced to the penitentiary for a term of ninety-nine years. He prosecutes this writ of error to review his conviction, contending that he was convicted in violation of his constitutional right to counsel and his constitutional right against self-incrimination.

Charles Brown, with whom Thomas and others had gambled on a previous date, was shot by defendant in a Chicago tavern on September 2, 1960, and died as a result of his wounds on December 9, 1960. After the shooting defendant fled the city but returned and surrendered to the police on December 27, 1960. He then learned of Brown's death. He stated that he had shot the deceased and left because he had feared for his life. After questioning, an assistant State's Attorney and a reporter were called. In response to questions defendant stated that he was making the statement of his own free will and that no promises had been made to him. He then related that he followed the deceased and several others into the tavern, "put the gun on him" and when decedent turned with a penknife in his hand the defendant fired and then left. This voluntary statement was admitted in evidence without objection.

This case was submitted to us after *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, but before its interpretation in *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16

L. Ed. 2d 694, and the holding in *Johnson* v. *New Jersey*, 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, limiting application of *Escobedo* and *Miranda*. The guidelines laid down in those cases do not apply since they specifically were not given retroactive application.

Here, we are faced with a confession made when the defendant voluntarily surrendered to the police, which confession was purely voluntary and made without any semblance of coercion or duress. In fact, he admitted at the trial that the statement was given of his own free will, and it was admitted without objection. Under our views in *People* v. *Hartgraves*, 31 Ill.2d 375, and *People* v. *Kees*, 32 Ill.2d 299, which prevailed prior to *Miranda* and *Johnson*, there was no violation of the constitutional rights of this defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*