(No. 36709.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR DARBY, Plaintiff in Error.

*Opinion filed March 29, 1967.*

LAURENCE RIPEA, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and GEORGE E. SANGMEISTER, State's Attorney, of Joliet, (FRED G. LEACH, Assistant Attorney General, and JOHN BLAKSLEE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On January 6, 1961, the defendant Arthur Darby and one Keithel Parmer were jointly indicted by the grand jury of Will County for the crime of rape, allegedly committed on November 23, 1960. On January 9, 1961, the defendant and Parmer were brought before the court. Parmer was represented by an attorney of his own choice and was arraigned and pleaded not guilty. The defendant had no attorney and as to him the case was continued to January 11 in order that he or his family might obtain an attorney of their choice. On January 11 the defendant had no attorney. An examination by the court indicated that he was indigent

and the public defender was appointed to represent him. He was furnished with a copy of his confession and the names of the witnesses who were present when the confession was given. The case was then continued as to the defendant to January 16, 1961, when he entered a plea of not guilty.

On January 23 both the defendant and Parmer sought and were granted leave to withdraw their pleas of not guilty and to plead guilty. They were carefully admonished by the court, and when the court asked whether any promises had been made to them to induce them to withdraw their pleas of not guilty and enter pleas of guilty, the State's Attorney stated that he had informed counsel for both defendants that in the event of a plea of guilty he would recommend a sentence of life imprisonment. The court accepted both pleas and directed that they be entered of record. At the hearing in mitigation and aggravation the People offered in evidence statements made by the defendant and by Parmer to the sheriff of Will County and to the State's Attorney in the presence of the sheriff.

On this writ of error to review his conviction the defendant does not dispute his guilt. He asserts that it was error to receive his confession, even at the hearing in mitigation and aggravation, on the ground that he had not previously been advised of his constitutional right to remain silent and to the aid of counsel. In support of this contention he relies primarily upon *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694. As we have held, following *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, the standards laid down in *Miranda* v. *Arizona* are not applicable to cases in which the trial commenced prior to the date of that decision. (See *People* v. *McGuire,* 35 Ill.2d 219; *People* v. *Thomas,* 35 Ill.2d 388.) Neither the public defender who represented the defendant, nor Parmer's privately retained attorney made any objection to the admissibility of the confessions at the hearing in mitigation on any ground. And in this court it is not suggested by the

attorney who now represents the defendant that his confession was not voluntary. In these circumstances we hold that the trial court did not err in receiving the confessions in evidence at the hearing on mitigation and aggravation.

The defendant also contends that it was the duty of the trial judge to inquire into his mental condition at the time the crime was committed. This contention is predicated upon a remark of the State's Attorney at the hearing on mitigation and aggravation. At that time he stated that one factor that moved him to recommend a sentence of imprisonment for life was the fact that the pleas of guilty saved the victim of the rape "from appearing in open court and telling the horrible things that were done." He continued, "I do think that the recommendation is sound, and from the standpoint of the administration of justice one would almost believe that they are psychopathic persons, and if they are, then from these things society should be protected from them." Apart from this observation of the State's Attorney in justification of the sentence which he recommended, the record contains no suggestion whatsoever that the defendant was mentally incompetent at the time that he committed the crime or at the time that he entered his plea of guilty. The defendant's contention is without merit.

The further contention of defendant that the public defender appointed to represent him did not afford him competent representation is also, in our opinion, entirely without merit. The suggestion that the public defender was at fault because he did not see that the court was "in possession of the fullest possible information concerning the defendant's life and characteristics" is particularly unjustified, in view of the fact that the effort of the prosecution to introduce evidence as to the defendant's prior criminal record was defeated by the objection of the defendant's attorney.

The contention presently advanced by the defendant that his attorney had nothing to lose and everything to gain by

fully apprising the court as to the background of the defendant and the circumstances leading up to the alleged commission of the crime cannot be sustained. A sentence could have been imposed which would have resulted in a required period of incarceration prior to eligibility for parole, longer than that required under the sentence actually imposed. The contention that the intoxication of the defendant was not accorded sufficient weight by the trial court in fixing sentence is also without merit.

The judgment of the circuit court of Will County is affirmed.