(No. 39804.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WILFONG, Plaintiff in Error.

*Opinion filed December 4, 1970.*

MORTON ZWICK, Director of Defender Project, of Chicago, (MARY ELLEN DIENES, of counsel,) for appellant.

LOUIS BERTANI, State's Attorney, of Joliet, (ARTHUR T. LENNON, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In the circuit court of Will County, in October of 1947, the defendant, William Wilfong, was sentenced to imprisonment for not less than seven nor more than eight years upon his plea of guilty to the offense of grand larceny. On this writ of error, filed May 18, 1967, he asserts that his fifth amendment privilege against self-incrimination was infringed because the trial court did not determine that his plea was knowingly and voluntarily made, and that he was inadequately represented by the two attorneys appointed to represent him.

In September of 1947, the defendant and three other persons were indicted for armed robbery and robbery. Upon the defendant's motion he was granted a severance. A jury was selected on October 14, and the defendant's trial commenced on October 15, 1947. Evidence was heard on that date and on the two following days. On October 17 the prosecution rested and some evidence for the defendant was received. The trial was then continued over the weekend, and when the case was called on Tuesday, October 21, the defendant withdrew his plea of not guilty to armed robbery and robbery, and entered a plea of guilty to the lesser offense of grand larceny.

The defendant's contention that he was denied his fifth amendment privilege against self-incrimination is based upon the assertion that the record does not affirmatively reveal that the trial judge attempted to determine "how intelligently or how voluntarily defendant's guilty pleas was tendered." We are unable to see how it can rationally be said that the privilege against self-incrimination is involved in this case. It is not suggested that the defendant was forced to testify or that any coerced confession was received in evidence against him. He pleaded guilty to a lesser charge after he, his attorneys, and the jury had heard the prosecution's entire case. The fact that his co-defendants, on their subsequent pleas of guilty, received less severe sentences does not show any violation of the rights of this defendant.

The second contention advanced by the defendant is equally without merit. To demonstrate inadequate representation by his appointed attorneys, it is now said that the record does not show that they sought to negotiate the sentence the defendant would receive, inquired as to the sentence the State would recommend, or conferred with the defendant about the possible sentence he could receive. It is then assumed that the attorneys failed in each of these particulars, and on that assumption they are branded as incompetent. Just how these matters could have been included in the record in this case is not apparent, nor does the fact that evidence in mitigation was not offered indicate that his attorneys were incompetent.

The judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*