THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT ARIDGE, Defendant-Appellant.

(No. 70-165;

Fifth District—October 1, 1971.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from his conviction of the crime of robbery in the circuit court of St. Clair County.

The defendant contends (1) that the trial court erred in excluding evidence relating to defendant's disease of alcoholism which prevented him from establishing a defense based on insanity, (2) that the prosecutor committed prejudicial error in improperly stating the law in his closing argument to the jury, and (3) that the sentence imposed by the trial judge was excessive.

■■■ We find the first two contentions to be without merit. The only substantial question on appeal is whether the sentence is excessive.

The evidence disclosed that the defendant, who had a history of alcoholism, robbed a business establishment in East St. Louis, Illinois, on January 1, 1969. There was no proof that he used a weapon of any kind during the commission of the crime.

At the time of sentencing the trial judge stated that defendant's record was entirely free of felony convictions. He sentenced the defendant to a term of not less than ten nor more than twenty years in the penitentiary, informing him at the same time that he could then be cured of his alcoholism. The defendant was 28 years of age at the time and employable.

■■ Under the circumstances, we believe there should be a substantial reduction in defendant's sentence. Accordingly, the judgment and sentence of the circuit court of St. Clair County are hereby modified and defendant's sentence is reduced to a minimum of the time already served in the penitentiary on his present conviction, thus making him eligible for immediate parole. As so modified the judgment is affirmed.

Judgment affirmed as modified.

EBERSPACHER and CREBS, JJ., concur.