The People of the State of Illinois, Plaintiff-Appellee, *v.* Harold L. Hogan, Defendant-Appellant.

(No. 71-208; ▮▮▮▮▮▮▮▮▮▮▮▮)

Third District—October 17, 1972.

Robert J. Noe, of Moline, for appellant.

Larry Spears, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Harold L. Hogan, pled guilty to a charge of reckless homicide, was convicted, was denied probation, and was given a sentence of two to five years. This appeal is taken from the conviction, the denial of the defendant's petition for probation, and the sentence imposed.

The defendant contends that he is entitled to have the guilty plea set aside or to have hearings on his petition for probation and on aggravation and mitigation because of the incompetency of counsel he had employed; that denial of probation was an abuse of discretion, and probation should be granted by this Court; and that the sentence imposed was excessive and should be reduced.

In a complaint which was filed January 11, 1971, the defendant was charged with involuntary manslaughter in that on December 7, 1970, while operating a motor vehicle in a reckless manner, he killed another person. The defendant appeared in court with his attorney on October

7, 1971, at which time an amended complaint charging reckless homicide was filed. The defendant then waived indictment by grand jury, entered a plea of guilty, and requested probation. On November 11, 1971, the defendant appeared in court again with his attorney, waived a formal hearing on the report of the probation officer, and also waived a hearing on mitigation and aggravation, and he then was given his sentence.

At the latter hearing the defendant's attorney indicated that the two of them had gone over the probation officer's report, which recommended denial of probation; that the defendant questioned whether he had an alcohol problem; but that the defendant found that the report correctly stated his record of arrests, family history, background and educational background, and work record. The attorney added that he had discussed with the defendant the possibility that evidence might be brought in relating to his problem with alcohol, and that the defendant had acknowledged that the probation officer might be justified in his position that the defendant had a drinking problem. The report showed that the defendant had a record of a substantial number of traffic violations, commencing in 1953, as well as other misdemeanor convictions; that the defendant had consumed four mixed drinks at a tavern before the collision; and that he was married, was the father of two children, and had been steadily employed since 1957.

■■ We have reviewed the entire record in our consideration of the defendant's claim that the attorney he had employed was incompetent. When a defendant in a criminal case employs private counsel, a conviction will not be reversed unless the representation was so inadequate as to amount to no representation at all, or to reduce the court proceedings to a farce or a sham. (*People v. Redmond*, 50 Ill.2d 313; *People v. Fleming*, 50 Ill.2d 141; *People v. Lenker* (1972), 6 Ill.App.3d 335, 285 N.E.2d 807; *People v. Allen* (1971), 132 Ill.App.2d, 270 N.E.2d 54.) It has been held not evidence of incompetence that a defendant was advised to plead guilty (*People v. Schonert*, 123 Ill.App.2d 392); that trial by jury was waived (*People v. Bush*, 29 Ill.2d 367); and that plea bargaining was not conducted nor evidence in mitigation offered. (*People v. Wilfong*, 47 Ill.2d 141.) Going into the defendant's background more fully might have led to a more severe sentence. (*People v. Darby*, 36 Ill.2d 616.) We assume that the reduction in the charge was attributable to the efforts of the defendant's attorney, that waiver of a trial was not unrelated, and that subsequent waiver of a hearing on the probation report and waiver of a hearing on aggravation and mitigation were a reasonable exercise of judgment aimed at avoidance of damaging testimony. We believe the charge of incompetence of counsel is not supported by the record.

We believe furthermore, that the denial of probation by the trial court was not an abuse of discretion, and that probation should not be granted by us. The defendant's having previously completed probation from 1966 through 1969 on a charge of reckless driving does not seem to us to weigh in favor of granting probation again, but rather to indicate that rehabilitation did not take place and that a period of confinement should this time be imposed. However, giving some allowance to the defendant's potential for rehabilitation, his having no record of felonies, his evident ability to obtain and hold employment, and his desire to provide for his family, we are disposed to reduce the sentence to a term of one to five years. See *People v. Berryhill* (1972), 6 Ill.App.3d 526, 286 N.E.2d 109; *People v. Aridge,* 1 Ill.App.3d 728; *People v. Steele* (1971), 132 Ill.App.2d, 269 N.E.2d 731. Accordingly, the sentence is reduced to a minimum of one and a maximum of five years, and as so modified, the judgment is affirmed.

Judgment of conviction affirmed, sentence modified.

ALLOY, P. J., and SCOTT, J., concur.