THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDGAR ROSS, Defendant-Appellant.

(No. 54857; )

First District (4th Division)—April 18, 1973.

James J. Doherty, Public Defender, of Chicago, (Lee T. Hettinger, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Robert J. Cohen, Assistant State's Attorneys, of counsel,) for the People.

652

Mr. JUSTICE ADESKO delivered the opinion of the court:

After a jury trial, Edgar Ross was found guilty of murder and armed robbery. The trial court sentenced the defendant to the Illinois State Penitentiary for a period of not less than 70 years nor more than 100 years. On appeal defendant contends:

(1) He was not proven guilty beyond a reasonable doubt;

(2) The trial court erred by allowing into evidence the police officer's testimony that the identifying witnesses had made prior out of court identifications of the defendant;

(3) His Fifth Amendment rights were denied when the prosecution introduced evidence that the defendant remained silent at a lineup and the prosecutor also argued to the jury that defendant's silence was evidence of his guilt;

(4) Prosecutor's closing argument was so prejudicial as to deny defendant's right to a fair trial; and

(5) He was denied the effective assistance of counsel.

The facts are as follows:

On January 10, 1969, at approximately 10:00 P.M., two men entered D.D.'s Bar-B-Q at 5430 South State Street, Chicago, Illinois. The shorter of the two men announced a stickup and fatally shot James Blay, a customer, when he failed to move quickly. The taller assailant was in the rear of the restaurant with his gun drawn during the robbery. Gladys Ambrose, manager of the restaurant, identified the defendant as the taller assailant. She testified that defendant wore a mask which hung from the top of his nose and a khaki jacket. She further testified that she was able to identify the defendant because of his physique. Sam Franklin, a customer of the restaurant, testified that the defendant was wearing a green army field jacket.

Defendant and his mother testified that he was home at the time the crime was committed. Maurice Hall, a customer of the restaurant who was present at the robbery, testified that he was unable to identify the defendant as the taller robber. Defendant's first contention on appeal was that he was not proven guilty beyond a reasonable doubt. The basis for defendant's contention was that the testimony of the two identifying witnesses was weak and conflicting.

■■■ Gladys Ambrose testified that she knew the defendant and had seen him before. Ambrose had ample time to view the defendant at the time of the robbery and was able to identify him because of his physique and the upper part of his face which was not covered by the mask. Sam Franklin also identified the defendant. The defendant was positively identified by two witnesses. Furthermore, the fact that the defendant

produced an alibi, supported by one witness does not, in and of itself, constitute reasonable doubt of his guilt. Conflicts in the testimony are to be resolved by the trier of fact who is not obliged to believe the alibi testimony of the defendant and his mother over the positive identification of Ambrose and Franklin. (*People v. Setzke*, 22 Ill.2d 582, 586, 177 N.E.2d 168.) The trier of fact makes the determination of the witnesses' credibility and we find that the evidence is not so unsatisfactory as to create a reasonable doubt of defendant's guilt. That determination will not be disturbed. *People v. Holt*, 124 Ill.App.2d 198, 201, 260 N.E.2d 291.

Defendant's second contention on appeal was that the trial court erred by allowing into evidence the police officer's testimony that the identifying witnesses had made prior out of court identification of the defendant. As the court in *People v. Williams*, 117 Ill.App.2d 34, 44, 254 N.E.2d 81, stated:

> "There was no objection to this testimony at the trial, so any error which may have occurred in its admission is deemed to have been waived. *People v. Dial*, 95 Ill.App.2d 345, 238 N.E.2d 122; *People v. Hester*, 49 Ill.App.2d 308, 200 N.E.2d 3. Even if hearsay testimony had been improperly admitted reversal is not warranted where the same matter has been proved by independent and properly admitted evidence. *People v. Frenchwood*, 28 Ill.2d 139, 190 N.E.2d 767. The identification testimony of the robbery victims in this case was sufficient to render the officer's testimony mere surplusage, and we find that no prejudice resulted therefrom."

■■ In the case at bar, the identication testimony of Ambrose and Franklin was sufficient to render the officer's testimony mere surplusage, and we find that no prejudice resulted therefrom.

■■ Defendant's third contention on appeal was that his Fifth Amendment rights were denied when the prosecution introduced evidence that the defendant remained silent at a lineup and the prosecutor argued to the jury that defendant's silence was evidence of his guilty. Both the defendant and Officer Nimocks testified that the defendant was told that he could remain silent at the lineup. This testimony fully explained to the jury that the defendant was instructed to remain silent at the lineup. The trial court improperly admitted evidence of defendant's silence, but this error did not contribute to the finding of guilty and therefore was not prejudicial error.

■■ Defendant's fourth contention on appeal was that the prosecutor's closing argument to the jury deprived him of a fair trial. Defendant alleges that the prosecutor evoked sympathy for the deceased in order

to arouse the jurors' passions against the defendant and that the prosecutor suggested that the defendant intimidated the prosecution witnesses and therefore he should be incarcerated in order to protect the witnesses. It has been said many times that arguments and statements based on the proof or legitimate inferences deducible therefrom do not transcend the bounds of legitimate argument and it is perfectly proper for the prosecutor to dwell upon the evils of crime. (*People v. Hairston*, 46 Ill.2d 348, 375, 263 N.E.2d 840.) We have read the prosecutor's closing arguments in their entirety, with particular attention to the isolated excerpts of which complaint is made, and conclude that the bounds of proper argument were not exceeded.

■■ Defendant's fifth contention on appeal was that he was denied effective assistance of counsel.

> "We consider there is no basis to the defendant's claim that he did not at trial have the effective assistance of counsel. Where, as here, an accused has retained counsel of his own choice this court has observed: '[H]is judgment of conviction will not be reversed merely because his counsel failed to exercise the greatest skill or for the reason that it might appear, in looking back over the trial, that he had made some tactical blunder. [Citations.] This court has said that ordinarily a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interests; that any other rule would put a premium upon pretended incompetence of counsel, for if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to insure reversal or vacation of the conviction.' (*People v. Stephens*, 6 Ill.2d 257, 259.) Thus, a defendant will not, unless the representation was so inadequate as to reduce a proceeding to a farce (*People v. Nelson*, 42 Ill.2d 172), be heard to complain of his retained counsel." *People v. Fleming*, 50 Ill.2d 141, 145, 277 N.E.2d 872.

■■ We have reviewed the entire record in our consideration of defendant's claim that he was denied effective assistance of counsel and find that the representation by counsel of defendant's choice was not of such low caliber as to amount to no representation at all, or to reduce the court proceedings to a farce or a sham. (*People v. Hogan*, 7 Ill.App.3d 689, 690, 288 N.E.2d 486.) Although defense counsel did not make a motion to suppress the identification testimony, he effectively cross-examined the two identifying witnesses and presented a witness to the robbery who stated that he was unable to identify the defendant. Defense counsel also presented an alibi defense witness. We believe the charge of ineffective assistance of counsel is not supported by the record.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.