**People of the State of Illinois, Plaintiff-Appellee, v. Henry Holt, Defendant-Appellant.**

**Gen. No. 53,985.**

First District, Third Division.

May 7, 1970.

D. Adolphus Rivers, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James W. Dempsey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant Henry Holt was charged with the crime of armed robbery. After a bench trial, he was convicted of that crime and sentenced to a term of two to ten years. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt.

On August 18, 1967, Robert Carpenter, a bus operator for the Chicago Transit Authority, was seated in his bus at the terminal located at 43rd Street and Oakenwald, Chicago. Since he was on a bus schedule, Carpenter was sure that it was approximately 4:35 p. m. when two men boarded the bus. One of the men put a razor to Carpenter's neck, and told him that it was a stickup. The other man, identified as defendant by Carpenter, took approxi-

mately ten dollars from the victim's shirt pocket. Carpenter recognized defendant as someone he knew casually, although he could not recall his name during the robbery. He testified that defendant was also a Chicago Transit Authority bus operator working out of the same depot, and that he had known him for about six years. Carpenter testified that while he recognized defendant on the bus, he did not remember him as a fellow employee until he later saw him at the hospital, and defendant reminded him that he was also a bus operator. Carpenter testified that he told one of the police officers who came to the scene that he knew one of the robbers prior to the incident, but did not mention it to the investigating officers. During the robbery, Carpenter told defendant not to rob him, that he knew him. When that was said, the other robber pulled Carpenter's glasses off and started to cut and beat him, stating that he would not identify anyone because he would be killed. A struggle ensued, and Carpenter reached for a phone in the bus to advise the depot that there was a robbery, and the two men fled. Carpenter testified that defendant had on a blue sweater, gray pants and tennis shoes, and denied that he ever told anyone that defendant was wearing green pants and brown shoes at the time of the robbery.

After the robbery, Carpenter was taken to one hospital, where his wounds were cleaned and temporarily bandaged. He was then taken to Mercy Hospital, where he received 43 stitches for the injuries received. While Carpenter was being interviewed by the investigating police officers, defendant walked into the emergency room and offered to help find the robbers, and the police arrested him.

William Morley, one of the investigating police officers, testified that he had received a description of the two

robbers from the victim at the hospital. Defendant then walked into the emergency room, and was identified by the victim as one of the robbers. Morley testified that defendant had been drinking prior to his arrest. He also testified that a report prepared by another police officer who was called to the scene of the robbery stated that the victim had described one of the robbers as wearing a gray cap and green shirt, and that the other one was wearing green pants and brown shoes.

Defendant testified that he had been at a tavern located at 51st and Cottage Grove all afternoon on the day in question, and stayed there until about 6:00 p. m. That evening, when he learned that a fellow bus driver had been robbed, he went to the hospital to see if he could be of any assistance.

Officer James Days of the Chicago Police Department testified for the defense that he went on duty at 3:00 p. m. and arrived at his post about 3:50 p. m. on the day in question. As part of his beat, he walked by or into the tavern located at 5141 Cottage Grove approximately every 20 or 25 minutes. He saw defendant in the tavern at about 4:05 p. m., and again at approximately 4:30 or 4:35 p. m.

■■ On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. The sufficiency of the identification raises a question of the credibility of the witnesses which is a matter for the determination of the trier of fact with a superior opportunity not only to hear the testimony of the witnesses but to observe their demeanor on the stand, and his judgment will not be disturbed upon review unless the evidence is so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963). And an identification by one witness, if it is positive and he is credible, is sufficient to

prove defendant guilty beyond a reasonable doubt. People v. Mack, 25 Ill2d 416, 185 NE2d 154 (1962).

■ In the instant case, the victim had an excellent opportunity to observe his robbers, and his identification was positive and certain. That identification was further strengthened by the fact that he recognized defendant as someone he knew prior to the robbery, and in fact told defendant not to rob him because he knew him. When he subsequently confronted defendant in the hospital, the victim became aware that defendant was also a bus operator, and that he had known him for some time.

■ Defendant points out no internal discrepancies in the victim's testimony, but argues that there was a discrepancy between his description of the robbers' attire made at the scene and his trial testimony as to what defendant was wearing at the time of the robbery. The victim denied ever telling anyone that defendant was wearing green pants and brown shoes during the robbery. Moreover such an inconsistency at most is minor, and would not be sufficient of itself to create a reasonable doubt of defendant's guilt.

■ Defendant also contends that the victim's credibility was affected because he did not tell the police officers that he knew defendant prior to the incident and that they were fellow employees of the C. T. A. The victim, in fact, did testify that he informed a police officer at the scene that he knew defendant. His failure to again relate that fact to the investigating officers at the hospital is understandable, since at that time he was receiving treatment for injuries so serious as to require 43 stitches. The victim also testified that while he recognized defendant as a casual acquaintance, he did not realize that defendant was a co-worker until he was reminded of that fact by defendant at the hospital. This testimony in no way affected the complaining witness'

credibility, as it is entirely reasonable to recognize a person, but to be unaware of the origin of that recognition.

Defendant finally argues that the alibi testimony presented in his behalf was sufficient to create a reasonable doubt of his guilt.

■■ Any conflicts in testimony were for the trial court to resolve, and it was not obliged to believe alibi testimony presented by the defense. People v. Jackson, 95 Ill App2d 28, 237 NE2d 858 (1968). The trial judge heard the alibi defense testified to by defendant and by the police officer. The judge concluded that the defense was not worthy of belief and we cannot say that such a conclusion was erroneous in view of the clear and positive testimony of the victim. It should also be noted that while the police officer was positive in stating the exact time at which he saw defendant in the tavern on the day in question, he was vague as to whether he himself was inside or merely walking by the tavern at the time.

We find that defendant was proved guilty beyond a reasonable doubt, and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.