The People of the State of Illinois, Plaintiff-Appellee, *v.* Lamont C. Cooper, Defendant-Appellant.

(No. 52729;

First District—April 11, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Nunzio Dan Tisci, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Lamont C. Cooper, was charged with two counts of attempt murder and two counts of aggravated assault. After a bench trial he was found guilty of attempt murder and sentenced to 2 to 5 years on each count. He was also found guilty of aggravated assault and sentenced to one year in jail on each count. All four sentences were to run concurrently. On appeal defendant contends that he was not proved guilty of the crimes beyond a reasonable doubt. He also argues that the trial court erred in imposing separate sentences for offenses arising out of the same conduct. (Ill. Rev. Stat. 1965, ch. 38, par. 1—7 (m).) The State agrees that the charges of attempt murder and aggravated assault resulted from the same conduct, and that therefore the convictions for the lesser offenses of aggravated assault must be reversed. Thus we need only consider whether defendant was proved guilty of attempt murder beyond a reasonable doubt.

On July 17, 1966, at about 11:20 P.M., two plain clothes Chicago Police Officers were cruising in an unmarked squad car. They observed a large number of people congregating in front of a tavern, and they stopped to investigate. They were informed by a bystander that some man was threatening to "shoot up" the tavern. Both officers emerged from the squad car and observed a man, whom they positively identified as defendant, armed with a gun and walking in the street. The man attempted to shoot the officers, pulling the trigger twice, but the gun

did not fire. He pulled the trigger again; this time a shot was fired· but missed the officers. The officers dropped to their knees, sought protection behind parked automobiles, and returned the fire. The man started to run, was chased by the police officers, but escaped through an alley. The officers testified that, except in the alley, the lighting was quite good. Defendant was arrested in his home five days later.

Officer Crowell testified that at the time of the shooting, defendant was wearing a silk like turtle neck sweater with a maroon jacket. Crowell at first thought that defendant had been shot by his return fire, but then defendant rolled off the car and began running. Although the police report indicated that the assailant had been wounded, Crowell testified that he dictated the report to a stenographer over the telephone, and apparently she incorrectly transcribed what he had said. Crowell further testified that both he and his partner Officer Kanazze chased defendant down the alley, but that defendant leaped over a fence and escaped. Crowell also testified that he had stated before the Grand Jury that he chased defendant, while Kanazze chased someone else.

Officer Kanazze testified that defendant was wearing a red skirt. Kanazze also testified that Crowell and he chased defendant to the alley entrance, but that only Crowell entered the alley.

Defendant testified in his own behalf that he was present at the scene, but denied having a gun or shooting at the officers. As he approached the intersection, he heard shots and saw people running. He then walked away and went home. Lawrence Dawson testified that he witnessed the entire occurrence from the front porch of a nearby home. He saw defendant running between two houses, but defendant did not have a gun and did not fire any shots. The man who shot at the officers was wearing khaki clothes, while defendant was wearing dark clothes.

Defendant contends that he was not proved guilty of attempt murder beyond a reasonable doubt. In making this argument, he agrees that the crime was committed; in fact, Dawson's testimony for the defense revealed that he saw a man shoot at the police officers. However, defendant maintains that the State did not prove beyond a reasonable doubt that he was the perpetrator. In arguing that the identification was unsatisfactory, defendant relies on what he maintains were discrepancies, inconsistencies and contradictions in the testimony of the police officers. He cites as examples of such discrepancies, inconsistencies and contradictions the following: 1) Crowell's testimony before the Grand Jury that he alone chased defendant; 2) Crowell's police report which indicated that the assailant had been wounded; and 3) Crowell's testimony that the assailant had been wearing a maroon jacket and that both officers entered the alley, as compared with Kanazze's testimony that the as-

sailant was wearing a red shirt and that only Crowell entered the alley.

● 1, 2 The sufficiency of an identification raises a question of the credibility of the witnesses which is a matter for the determination of the trier of facts, and his judgment will not be disturbed on review unless the evidence is so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt. (*People v. Holt* (1970), 124 Ill.App.2d 198, 260 N.E.2d 291.) In *People v. Robinson* (1964), 30 Ill.2d 437, 197 N.E.2d 45, the court held that an identification of defendant by three police officers was sufficient to sustain a robbery conviction despite minor variations in the officers' testimony which the court ruled at most affected their credibility. In that case, the officers were unable to recall and describe the clothing worn by defendant, the type of store in front of which the robbery occurred, and whether a theatre was on the opposite side of the street.

■■ Similarly, in the instant case, it is our view that the discrepancies, inconsistencies and contradictions claimed by the defendant are of such a minor nature that they could not affect the positive and unshaken identifications of defendant by the two police officers. Under the circumstances, we regard the inconsistency of their testimony as to the type and color of the shirt worn by the assailant not to be significant. The other discrepancies were concerned with events occurring after the officers had been fired upon. Certainly, while under fire and while attempting to capture their assailant, it is understandable that there would be minor differences in their testimony. Both officers had a good opportunity to view their assailant, and both men were certain in their identification. The minor variations in their testimony were not sufficient to create a reasonable doubt of defendant's guilt.

■■■ Defendant also maintains that the State's failure to call as witnesses any of the tavern employees or any of the many other eyewitnesses to the crime resulted in an inference that their testimony would have been unfavorable to the State. However, in *People v. Jones* (1964), 30 Ill.2d 186, 195 N.E.2d 698, the court held that the failure to call every witness to a crime does not give rise to a presumption in favor of defendant. In the case at bar, the State called two eyewitness police officers who positively identified defendant, and it was unnecessary to call any other witnesses.

· For the reasons stated above, the judgments of guilty as to attempt murder are affirmed, and the judgment of guilty as to aggravated assault are reversed.

Affirmed in part; reversed in part.

DEMPSEY and McGLOON, JJ., concur.