THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* JAMES MURDOCK, Appellant.

(No. 70-43; )

Fifth District—January 18, 1972.

Paul Bradley, of Defender Project, of Mount Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Charles Stegmeyer, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, James Murdock, was convicted of armed robbery after a jury trial in the Circuit Court of St. Clair County, Illinois, and was sentenced to the penitentiary for a term of not less than ten nor more than 20 years. On appeal he contends that his constitutional right to a speedy trial was violated in that he was not brought to trial within 120 days from the date on which he was taken into custody as prescribed by statute or, in the alternative, that the delay between the court order directing a competency hearing and the hearing itself was so oppressive and unreasonable as to constitute denial of the right to a speedy trial. He also argues that the evidence was insufficient to prove. Defendant guilty beyond a reasonable doubt, and that he was denied a fair and impartial trial by virtue of certain comments made by the State's Attorney in his closing argument. He further claims that the sentence imposed was excessive.

Defendant was taken into custody on March 16, 1968, and was arraigned on June 14, 1968. At the arraignment the Court first appointed the Public Defender, Mr. Trotier, to represent the accused, whereupon there was a discussion off the record, after which the Court stated that it would also appoint Mr. Cohn as attorney in the case. Mr. Cohn had previously been appointed to represent defendant on a charge of murder and it was suggested that Mr. Cohn conduct the defense of the armed robbery charge. It is apparent from the record, however, that Mr. Cohn acted as Defendant's attorney only on the murder charge. Thereafter, Mr. Cohn brought it to the attention of the Court that Defendant had previously been treated by a psychiatrist and might, therefore, be incompetent to stand trial. On June 15, 1968, precisely 120 days after Defendant was taken into custody on the armed robbery charge, the Court ordered a psychiatric examination and a competency hearing to determine whether Defendant was competent to stand trial. The Order applied to both the armed robbery charge and the murder charge. On January 16, 1969, the competency hearing was held. Prior to the taking of

evidence in said hearing, the Court held that the jury's determination concerning Defendant's competency would apply to both the murder and armed robbery charges. The hearing was held and Defendant adjudged competent. On January 23, 1969, the Public Defender filed a motion for discharge alleging that Defendant's right to a speedy trial had been jeopardized. That motion was denied, and on February 17, 1969, the trial was commenced.

A defendant's constitutional right to a speedy trial has been implemented by a statute requiring that every person in custody for an alleged offense be tried within 120 days from the date he was taken into custody. This period is tolled, however, when an examination for competency or a competency hearing is ordered. (Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a).) A competency hearing which will toll the 120 day period shall be held when the court has reason to believe that the defendant is incompetent, in which event the court shall suspend the proceedings and empanel a jury to determine the defendant's competency. (Ill. Rev. Stat. 1969, ch. 38, par. 104—2(a).) In this case the Court ordered the competency hearing on its own motion and by its own action made the competency hearing applicable to both the murder and armed robbery charges.

■■ Defendant claims that the question of his competency to stand trial for armed robbery was never placed in issue since it was the attorney appointed to represent Defendant in the separate and independent charge of murder who raised that question. It is Defendant's argument that the Court cannot ascribe a motion for a competency hearing to the Defendant in the armed robbery case when he has not made the motion or raised the issue in that case. Defendant's argument is without merit for although, as was pointed out by Defendant in his Brief, the issue of competency is generally raised by Defendant, the Court not only can, but has an absolute duty to order on its own motion a competency hearing where the issue of Defendant's competency to stand trial is brought to its attention. The Supreme Court has held that "(I)f before * * * trial, facts are brought to the attention of the court, either from its own observation or by suggestion of counsel, which raises a *bona fide* doubt as to defendant's present sanity, it becomes the duty of the court not to proceed until a jury has been empaneled and the doubt removed by a sanity hearing." *People v. Shrake*, 25 Ill.2d 141, 143.

■■ What is at issue in a competency hearing is whether Defendant has the capacity to make a rational defense. "He should be capable of understanding the nature and objects of the proceedings against him, his own condition in reference to such proceedings, and have sufficient mind to conduct his defense in a rational and reasonable manner, although upon other subjects his mind may be unsound or deranged." (*People v.*

*Burson,* 11 Ill.2d 360, 369.) In view of the limited scope of the inquiry at such a competency hearing we cannot assume that a defendant could be found simultaneously competent to stand trial on one charge and incompetent to stand trial on another. When, therefore, the court has reasonable doubt of a defendant's competency to stand trial on one charge, a reasonable doubt must exist as to another charge then pending. In such a case the court cannot disregard such doubt and in the exercise of its duty must order a competency hearing before the defendant is brought to trial on either charge. We find, therefore, that the Court properly exercised its duty by, on its own motion, ordering a competency hearing and that such hearing tolled the running of the statutory period and that Defendant was, therefore, not denied a speedy trial by failure to bring him to trial within 120 days from the date he was taken into custody.

■■ We likewise find no basis for Defendant's claim that the delay of approximately six months from the time the competency hearing was ordered and the hearing on same was unreasonable and oppressive, therefore violating Defendant's right to a speedy trial. The Supreme Court has held that the mere lapse of time in and of itself does not constitute a denial of defendant's right to a speedy trial. In *People v. Young,* 46 Ill.2d 82, 85-86, the court, citing *United State v. Ewell,* 383 U.S. 116, 120; 86 S.Ct. 773, 776, held that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. The delay must not be purposeful or oppressive. The essential ingredient is orderly expedition and not mere speed." In this case the delay between the Court Order and the date of the competency hearing was not purposeful. It was incurred as the result of the inability of one of the Court-appointed psychiatrists to examine Defendant and the necessity to finally appoint another examiner. This delay was not occasioned as claimed by the defense in order to accommodate the State in procuring witnesses, for the witness was not a State witness, but an independent examiner, and the delay was, therefore, as much for the benefit of Defendant as it was for the State. Furthermore, there is no showing that Defendant's right or ability to conduct his defense was in any way impaired or that he has otherwise prejudiced by this delay. We find, therefore, that the record does not demonstrate that the delay was excessive or that Defendant was denied his right to a speedy trial.

Defendant next contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The State presented two witnesses. The first witness testified that on the evening in question he met the Defendant and two other individuals at a liquor store. They left there by car and parked directly across the street from the store which was

robbed. Defendant then asked witness for a pistol which he knew he had in his possession. Witness gave him the gun and after talking for awhile, they heard a siren and noticed a fire in an alley. They then went to the scene of the fire and watched while an attempt was made to extinguish it. When they left and went back to the car, witness noticed Defendant was no longer with them. While waiting in the car, witness saw Defendant running from the direction of the store. Defendant ran past the car and down an alley. The car then circled around to the other end of the alley and picked him up. They then proceeded to witness' house where Defendant produced some money and distributed it among the parties present and returned witness' pistol.

The second witness to testify for the State was the girl who was the victim of the armed robbery, who testified that she was working at the store on the evening in question. An individual later positively identified as Defendant came in and asked if the manager was in, after which he purchased some gum and candy. He then went outside and stood in front of the store for two or three minutes, after which he re-entered the store, pulled a gun and demanded the money. She was standing three and one-half to four feet from Defendant at that time. She later identified Defendant at a line-up.

The Defendant himself was the sole witness on his own behalf. It was his testimony that he was with the individuals named by the State's first witness, but that he was not involved in any crime and that he left the scene of the fire to borrow money. His testimony substantially contradicts the State's witnesses and constituted a complete denial of all charges against him.

■■■ It is well established that the testimony of only one witness, if positive and credible, is sufficient to convict even though that testimony is contradicted. (*People v. Ruth,* 113 Ill.App.2d 28; *People v. Tribbett,* 41 Ill.2d 267.) Here the State produced an eyewitness who had adequate opportunity to observe and identify the Defendant. The store was well lit and she stood only three and one-half to four feet from him during the commission of the crime. She had also seen him minutes before in that same store and standing in front of the store in a position illuminated by two street lights. She later made positive identifications of Defendant at a line-up and in court. Her identification was corroborated by the State's other witness who placed Defendant at the scene of the crime with a weapon similar to the one used in the crime. That witness' testimony concerning his observation of Defendant running from the direction of the store and splitting of the proceeds of the crime also buttresses the eyewitness' account and identification. Where the question of identification of an accused in a robbery prosecution is properly presented to the

jury, the court will not substitute its judgment for that of the jury. (*People v. Soldat*, 32 Ill.2d 478.) In view of this testimony and the positive identification of Defendant by the State's witness, we find that there was sufficient evidence, if believed, to establish Defendant's guilt beyond a reasonable doubt.

■■■ Defendant also argues that he was denied a fair and impartial trial by virtue of certain inflammatory and prejudicial statements of the State's Attorney in his closing argument. He specifically objects to the characterization of Defendant and his associates as "bums" and "thugs". The rule is well established that the prosecuting attorney may reflect unfavorably upon an accused, denounce his wickedness, dwell on the evil results of crime and even indulge in invective in urging a fearless admistration of the law, when such is based upon the evidence and legitimate inferences drawn therefrom. (*People v. Wright*, 27 Ill.2d 497, 500; *People v. Moore*, 9 Ill.2d 224.) Here there was eyewitness identification and other corroborative testimony to establish Defendant's guilt and we are of the opinion that the comments here complained of were legitimately drawn from the evidence and were not designed to inflame the passions and prejudices of the jury. It also must be noted that the comments were made only after defense counsel characterized one of the State's witnesses as a bum and thug and to that extent were invited as proper rejoinder. In the case of *People v. Halteman*, 10 Ill.2d 74, 83 the court noted that the characterization of defendant as a "moron" was proper inasmuch as a person indulging in the crime there complained of is generally so regarded. Certainly a person who indulges in armed robbery is commonly regarded as a thug or bum and we cannot say that such comment transcended the bounds of legitimate argument.

■■ Defendant's final argument is that the sentence of ten to 20 years is excessive in view of the fact that the Defendant has no previous felony convictions. By choice he offered no testimony in mitigation requesting sentence immediately after verdict. The Appellate Court has express statutory authority, in appropriate instances, to reduce the punishment imposed. (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b) (4).) The sentence imposed should be that which at the same time protects the public and provides the greatest potential for restoring the offender to a useful and productive place in society. *People v. Brown* 60 Ill.App.2d 447, 449.

The sentence imposed by the trial court does not make provision for the possibility of rehabilitation and we, therefore, reduce the sentence to a minimum of five years and a maximum of fifteen years.

Sentence modified and judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.