THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN CAMP, JUNIOR, Defendant-Appellant.

(No. 56035; ▮▮▮▮▮▮▮▮

First District—December 19, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald F. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

The defendant, John Camp, Jr. was charged with armed robbery and aggravated battery. (Ill. Rev. Stat. 1970, ch. 38, pars. 18—1, 12—4.) The defendant waived a jury trial and proceeded to trial. At the conclusion of the State's case, the trial judge granted defendant's motion to strike the aggravated battery charge and that portion of the armed robbery count charging defendant with being armed with a dangerous weapon. After the trial court heard all the evidence, the defendant was found guilty of robbery and sentenced to a term of not less than two nor more than five years in the Illinois State Penitentiary. On appeal, defendant's sole contention is that he was not proved guilty beyond a reasonable doubt.

Supreme Court Rule 23 (c), permits this court to affirm the judgment of the trial court in such cases by means of a memorandum opinion if it is determined that no error of law appears, that an opinion would have no precedential value and that the evidence is not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. We believe that such a disposition is appropriate in the present case.

The victim of the robbery identified defendant's photograph from a group of five photographs shown to her one day after the occurrence, and also made an in-court identification. The victim, however, did not mention to the police that her assailant wore a mustache. Defendant contends that for this reason, the identification of the defendant is uncertain and constitutes reversible error. Also, the defendant's wife (his fiancee at the time of the occurrence) testified that the defendant was with her at her home at the time of the occurrence. Defendant contends that the testimony of the alibi witness was uncontradicted, and therefore he was not proved guilty beyond a reasonable doubt.

■■ In Illinois it is established that where an identification is positive, precise accuracy in describing facial characteristics is unnecessary. Further, the failure of a witness to notice the presence or absence of a mustache, or of other facial features, has been held to be a minor discrepancy. The failure to report the mustache to the police in the case at bar did not destroy the credibility of the witness, but was solely a question of the weight to be afforded her identification. See *People v. Catlett*, 48 Ill.2d 56, 268 N.E.2d 378; *People v. Mitchell*, 2 Ill.App.3d 1081, 278 N.E.2d 169.

■■ In determining the effect of the alibi testimony, where there is identification evidence opposed by alibi testimony, it is the duty of the trier of fact to resolve the conflict. A strong, positive identification is sufficient to sustain a finding of guilty even against uncontradicted alibi

evidence. (See *People v. Mitchell, supra*). The identification of the defendant was strong and positive even in light of the minor discrepancy regarding the mustache.

We are convinced that the finding of the trial court is supported by the evidence beyond a reasonable doubt. A careful examination of the record reveals no errors of law, therefore the judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.