The People of the State of Illinois, Plaintiff-Appellee, *v.* George L. Arroyo, Defendant-Appellant.

(No. 58823;

First District (4th Division)—February 27, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The defendant, George L. Arroyo, was charged with the offense of theft in Complaint No. 72 MC1 J864223. He waived a jury trial and entered a plea of not guilty. On October 25, 1972, the defendant was found guilty of theft and sentenced to 9 months at the Illinois State Farm in Vandalia. The sole issue presented on appeal is whether the complaining witness' identification of the defendant was sufficient to establish his guilt beyond a reasonable doubt.

The complaining witness, Miriam Voyles, was the owner of a grocery store located at 1565 North Rockwell Street in Chicago. She testified at the trial that on June 20, 1972, at about 4:30 P.M., she was standing behind the counter when a man, later identified as the co-defendant, Rogillio Olaguno, entered. As Olaguno was making his purchase, another man came in and placed a knife against her throat. Mrs. Voyles testified that she stood face to face with him at a distance of 3 or 4 feet for about 5 to 6 minutes. The man removed approximately $70 from the cash register. After he left, she called the police and gave a description of the two men. At trial, Mrs. Voyles asserted that she was positive that Arroyo was the man who had taken her money. However, the only distinguishing features of the defendant that she could recall was that he had black hair, a goatee, and wore glasses.

Officer Moreth of the Chicago Police Department was assigned to investigate the incident. The officer testified that thereafter he went to Mr. Olaguno's house and observed the defendant. Moreth testified that Arroyo resembled the description given by Mrs. Voyles except that he did not have a goatee. The defendant and Olaguno were placed under arrest. Arroyo made certain statements to Moreth which were suppressed at trial.

Arroyo interposed an alibi defense by testifying that on June 20, 1972, he was at the hospital visiting his son. He claimed to have arrived at the hospital about 1:30 P.M. and remained there until 4:30 P.M. According to Arroyo, he was with his father and sister between 4:30 P.M. and 6:30 P.M. The defendant further testified that he did not have a goatee on June 20, 1972, but that he did have a mustache on that date. No other witnesses were called by the defense.

The defendant contends that his conviction should be reversed because it was based upon identification which was doubtful, vague and uncertain. He argues that the witness' identification is doubtful because she described him to police officers as having a goatee at the time of the

occurrence while Arroyo claimed that he had a mustache but no goatee on that date. The arresting officer's testimony was that Arroyo was clean-shaven at the time of the arrest.

It is well settled in Illinois that the testimony of a single witness, if it is positive and the witness is credible, is sufficient for a conviction even though the testimony is contradicted by the accused. *People v. Robinson* (1972), 3 Ill.App.3d 858, 862, 279 N.E.2d 515, 518; *People v. Murdock* (1972), 3 Ill.App.3d 746, 751, 279 N.E.2d 159, 163; *People v. Watkins* (1970), 46 Ill.2d 273, 281, 263 N.E.2d 115, 120.

Here, the record reveals that Mrs. Voyles positively identified the defendant, George Arroyo, as her assailant. The witness had an adequate opportunity to observe the defendant while standing face to face with him at a distance of 3 or 4 feet for several minutes.

Defendant argues that Mrs. Voyles' failure to include a mustache in her description of the assailant to the police renders her identification doubtful. However, the failure of a witness to report the presence or absence of a mustache, or other facial features, has been held to be solely a question of the weight to be afforded the identification. *People v. Camp* (1972), 9 Ill.App.3d 445, 446, 292 N.E.2d 242, 243. See also *People v. Catlett* (1971), 48 Ill.2d 56, 268 N.E.2d 378; *People v. Mitchell* (1971), 2 Ill.App.3d 1081, 278 N.E.2d 169.

In criminal cases where a jury is waived, the credibility of the witnesses and the weight to be accorded their testimony are matters to be determined by the trial judge. He had a superior opportunity to hear the testimony of the witnesses and to observe their demeanor on the stand. The judgment of the trial judge will not be disturbed upon review unless the evidence is so improbable or unreasonable as to create a reasonable doubt of defendant's guilt. *People v. Holt* (1970), 124 Ill.App.2d 198, 201, 260 N.E.2d 291, 293.

After reviewing the record, we are satisfied that the trial court's finding of guilty is supported by the evidence beyond a reasonable doubt. Therefore, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER and BURMAN, JJ., concur.