THIRD DIVISION
September 27, 2006

No. 1-05-1559

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 30440 |
| | ) | |
| WINFRED OLIVER, | ) | The Honorable |
| | ) | Garritt E. Howard, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

After a jury trial, defendant Winfred Oliver was found guilty of two counts of predatory criminal sexual assault of a child and was sentenced to two consecutive 50-year terms of imprisonment. On direct appeal, we affirmed defendant's conviction, vacated the imposition of consecutive sentences, finding that the trial court did not make a determination as to whether defendant's actions constituted a single course of conduct before imposing mandatory consecutive sentences, and remanded the case for resentencing. People v. Oliver, No. 1-00-2089 (December 12, 2002) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). On remand, the trial court determined that consecutive sentences were appropriate and sentenced defendant to the same 50-year terms. Defendant appealed and we affirmed the trial court's judgement. People v. Oliver, 1-03-3388 (June 30, 2005) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). Thereafter, defendant filed a *pro se* postconviction petition, alleging, *inter alia*, that his constitutional rights were violated when he was not provided with effective assistance of appellate counsel. The trial court assigned an assistant public defender to defendant's case and defendant's postconviction petition was supplemented.

1-05-1559

The trial court dismissed defendant's petition, finding that the issues raised therein were barred by the doctrine of *res judicata*. Defendant appeals, contending that the trial court erred in dismissing his postconviction petition when he made a substantial showing that his appellate counsel on direct appeal was ineffective. Defendant further contends that the issues raised in his postconviction petition are not barred by the doctrine of *res judicata*.

Defendant was arrested on December 15, 1997, and was charged with two counts of predatory criminal sexual assault occurring in 1995 and 1996. A public defender was assigned to defendant's case two days later. On May 5, 1998, the trial court conducted a Supreme Court Rule 402 (177 Ill. 2d R. 402) conference, then continued the case by agreement to May 12, 1998. That day, defendant requested to represent himself and to plead guilty and provided the court with a written plea request, which the court characterized as "bizarre" and "rambling." Accordingly, the court ordered a fitness examination to determine defendant's fitness to stand trial. Inexplicably, the court's order was not followed. On June 18, 1998, the court reordered a fitness examination. Again, the examination was not completed. On July 22, 1998, the court ordered a fitness examination for the third time, returnable August 3, 1998, by agreement of the public defender. The examination was completed on July 30, 1998. On August 3, 1998, defendant was found able with medication to assist in his defense.

On March 23, 1999, the trial court heard defendant's motion to dismiss the charges against him because his right to a speedy trial had been violated. As we explained on direct appeal:

"[T]he trial court informed the defendant that the administrative delays

with regard to the fitness exams would not be chargeable to him if he was 'running a term at that time.' Implicitly, the trial court was referencing the requirements of sections 103-5(d) and 114-1(a)(1) of the Speedy Trial Act (725 ILCS 5/103-5(d), 114-1(a)(1) (West 1998)), which state that a defendant not tried within the 120 day period under that statute shall be discharged from custody and have the charges dismissed. Apparently, the trial court was advising the defendant that if the 120 day period had begun to toll or was running at the time of the administrative delays, those delays would not be attributable to the defendant. Nevertheless, the court found that the statute of limitations had not begun to toll and did not credit the time to the defendant for purposes of the Speedy Trial Act. The motion to dismiss was then denied." Oliver, No. 1-00-2089, slip op. at 6.

The case proceeded to a jury trial on October 6, 1999. Defendant was found guilty of two counts of predatory criminal sexual assault and was sentenced to two consecutive 50-year prison terms.

Defendant appealed, contending, *inter alia*, "that because it took nearly 2 years to try him-well beyond the 120-day requirement listed in the Speedy Trial Act - his conviction must be reversed and the charges dismissed." Oliver, No. 1-00-2089, slip op. at 36. Specifically, defendant argued that the administrative delay resulting from the unsuccessful fitness hearing orders should not have been charged to him because he had not occasioned the delay. Instead, defendant argued, the delay should be attributed to the trial court.

1-05-1559

We rejected defendant's contention. On the subject, we wrote in our modified order upon denial of rehearing disposing of defendant's appeal:

"While the defendant claims that the two continuances totaling 71 days (granted for the purpose of obtaining a fitness evaluation of the defendant) should not be charged to him, the State correctly argues that it is well-established that such continuances do, in fact, toll the Speedy Trial term. See, *e.g.*, People v. Plair, 292 Ill. App. 3d 396, 399 (held that where the defendant put in a fitness request the Speedy Trial term was tolled). This is true regardless of whether the defendant, the State, or the court *sua sponte* moves or orders the evaluation, for purposes of tolling the statute. See People v. Seaman, 203 Ill. App. 3d 871, 878-81, *appeal denied*, 135 Ill. 2d 564 (1990) (statute tolled where the state moved *ex parte* for a fitness exam); People v. Clark, 148 Ill. App. 3d 669, 672-77 (1986) (statute tolled where the state moved for a fitness hearing over the defense counsel's objections, even though no fitness hearing was found to be necessary following the examination); People v. Browry, 8 Ill. App. 3d 599 (1972) (trial court's order for competency hearing tolled this paragraph); People v. Murdock, 3 Ill. App. 3d 746, 749-50 (statute tolled where the trial court ordered a fitness hearing). The fact that such a hearing was occasioned by a 83-day delay is also of little consequence, where delays of 87 days (People v. Turley, 235 Ill. App. 3d 917, 921 (1992)) and as much as six months (Murdock, 3 Ill. App. 3d at 750) have been found not to be 'unreasonable and oppressive, therefore violating

Defendant's right to a speedy trial.' <u>Murdock</u>, 3 Ill. App. 3d at 750. Accordingly, we agree with the trial court that defendant had not begun 'running a term' and, therefore, that his right to a speedy trial was not violated. Defendant was correct in stating that '[t]he delay with respect to the fitness orders will be determinative' ." <u>Oliver</u>, No. 1-00-2089, slip op. at 37-38.

Thereafter, defendant filed a *pro se* postconviction petition raising several allegations of ineffective assistance. The court assigned an assistant public defender to defendant's case and his petition was supplemented. The State filed a motion to dismiss the postconviction petition, arguing that defendant's claims were barred by the doctrine of *res judicata* and waiver and that his petition failed to state a substantial violation of defendant's constitutional rights.

The court granted the State's motion to dismiss, finding that the issues raised by defendant were barred by the doctrine of *res judicata* and noting that the trial court was obliged to order a fitness evaluation and thereafter "everything else is placed on hold." The court further held that defendant could not meet the standard for establishing ineffective assistance of counsel.

On appeal, defendant contends that the trial court erred in dismissing his post-conviction petition when he made a substantial showing that his appellate counsel was ineffective for failing to raise the issue of his trial counsel's ineffectiveness when his trial counsel failed to demand trial when a fitness examination of defendant that had been ordered by the court was not submitted to the court and the parties within 30 days of the court's order. In support of his argument, defendant notes that section 104-15(a) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/104-15(a) (West 1994)) requires that, when a court orders a fitness

examination of a defendant, the person conducting the examination must submit a written report

to the court, the State and the defense within 30 days of the order for examination. Defendant

cites People v. Harris, 113 Ill. App. 3d 663 (1983), and People v. Guttierez, 271 Ill. App. 3d 301

(1995), for the proposition that discharge of a defendant is required when the requirements of

section 104-15(a) of the Code are not satisfied. Accordingly, defendant argues that, had his trial

counsel raised an objection to the delay pursuant to seciton 104-15(a), defendant would have

been discharged or the ensuing delay would have been charged to the State.

Defendant further contends that the trial court erred in dismissing his postconviction

petition when he made a substantial showing that his appellate counsel was ineffective in failing

to alert this court that we had wrongly based our ruling on direct appeal on an amendment to

section 103-5(a) of the Code that did not apply to defendant's case. Defendant points out that in

our order, we quoted an amendment to section 103-5(a) of the Code that was not effective until

January 1, 1999, after the commission of defendant's crimes and after the court's orders for a

fitness examination.

The State first responds that these issues are barred by the doctrine of *res judicata*.
"A post-conviction petition 'represents a collateral attack on a prior judgment; it is
not an appeal from the underlying conviction and sentence.' [Citation.] As a
result, in post-conviction proceedings the '[d]eterminations of the reviewing court
on the prior direct appeal are *res judicata* as to issues actually decided.' [Citation.]
A post-conviction petitioner may not avoid the bar of *res judicata* simply by
rephrasing issues previously addressed in direct appeal." People v. Williams, 186

1-05-1559

Ill. 2d 55, 62 (1999).

We agree with defendant that neither of these issues was addressed on direct appeal. On appeal, we determined that the speedy trial term was not tolled by the delay while the court and parties waited for the return of defendant's fitness examination. We did not, however, assess what the result would have been had defendant's trial counsel invoked section 104-15(a) of the Code when the examination report was not submitted within 30 days. On appeal, we also did not address whether the preamendment or postamendment version of section 103-5(a) of the Code applied or whether such a determination would change our analysis of the speedy trial issue. Because we do not believe that the specific issues raised by defendant in his postconviction petition were actually decided on direct appeal, we believe that it was improper to dismiss the petition on the basis that it was barred by the doctrine of *res judicata*. However, we nonetheless find that summary dismissal of the petition was proper because defendant failed to state a constitutional claim of ineffective assistance of appellate counsel.

A defendant is entitled to effective assistance of counsel on appeal. People v. Coleman, 168 Ill. 2d 509, 522 (1995). Ineffective-assistance-of-appellate-counsel claims are evaluated pursuant to the standard set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Coleman, 168 Ill. 2d at 523. Pursuant to Strickland, a defendant must prove "(1) that his counsel made errors so serious, and his performance was so deficient, that he was not functioning as 'counsel' guaranteed the defendant by the sixth amendment to the United States Constitution, and (2) that these deficiencies so prejudiced the defendant as to deprive him of a fair trial, a trial whose result is reliable." People v. Caballero, 126 Ill. 2d 248, 259-60 (1989),

1-05-1559

citing Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. "We note that appellate counsel 'has no obligation to raise every conceivable argument which might be made, and counsel's assessment of what to raise and argue will not be questioned unless it can be said that his judgment in this regard was patently erroneous.' " Coleman, 168 Ill. 2d at 523, quoting People v. Collins, 153 Ill. 2d 130, 140 (1992). If the issue underlying a defendant's claim of ineffective assistance of appellate counsel is not meritorious, obviously the defendant did not suffer prejudice due to appellate counsel's failure to raise it. Coleman, 168 Ill. 2d at 523.

Concerning defendant's first contention, that his appellate counsel was ineffective for failing to raise the issue of his trial counsel's effectiveness for failing to raise an objection, pursuant to section 104-15(a) of the Code, when defendant's fitness examination report was not submitted within 30 days from the date it was ordered, we note that, contrary to defendant's assertions, Harris and Guttierez do not stand for the proposition that failure to comply with section 104-15(a) requires discharge of a defendant, and, indeed, our independent research has revealed no Illinois case standing for such a proposition.

In Harris, neither the parties nor the court questioned the defendant's fitness before or during trial. After the defendant was convicted, but before his sentencing hearing, he attempted suicide. Defense counsel requested a fitness examination. The court ordered an examination, limited to the question of whether the defendant was fit to participate in his sentencing hearing and the resulting report was so limited. The defendant's presentencing investigation report revealed a history of mental health problems. The court never conducted a fitness hearing and proceeded to sentence the defendant. On appeal, we held that the court should have held a fitness

hearing and reversed and remanded the cause for a new trial. Because the issue could recur on remand, we addressed the defendant's contention that the fitness report failed to comply with the requirements of section 104-15(a) of the Code. We observed that the report did not comply because it did not include an explanation as to how the diagnosis was reached and the facts upon which it was based. We expressed hope that, on remand, such errors would not be repeated. See also People v. Matthews, 126 Ill. App. 3d 710, 713 (1984) (noting that, in Harris, "we granted defendant a new trial because of the trial court's failure to hold a competency hearing despite evidence which we felt gave rise to a reasonable doubt as to the defendant's fitness to stand trial. This holding obviated the need to address the defendant's contention concerning the adequacy of his psychological fitness report. However, in an effort to avoid a second appeal involving this issue, we addressed it").

In Guttierez, we again noted that section 104-15(a) of the Code required that a fitness examination report include a diagnosis, an explanation as to how the diagnosis was reached, the facts upon which the diagnosis was based and a description of the defendant's mental disability. We noted that the report in Guttierez failed to comply with those requirements because it did not explain how the examining doctor's findings were reached or the facts upon which the findings were based. However, we found that the information contained in the report was sufficient to trigger the court's duty to conduct a fitness hearing and that clearly such a hearing should have been conducted. Accordingly, we reversed and remanded the cause.

A more instructive case is People v. Durham, 142 Ill. App. 3d 473 (1986). In Durham, the defendant contended on appeal that he should have been discharged when the court failed to

1-05-1559

conduct a fitness hearing within 45 days of receipt of the defendant's fitness examination report as was required by section 104-16(a) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 104-16(a) (now see 725 ILCS 5/104-16(a) (West 2004))). We wrote:

"Defendant is correct in his contention that he had no fitness hearing within the time frame set therein. However, section 104-16 provides no sanction for such a violation. Section 103-5(d) of the Code [citation] requires a discharge if speedy trial provisions are not met, but when other statutory or constitutional requirements for a prompt hearing are not accompanied by provisions for sanctions, no dismissal or imposition of other sanction has been required. [Citations.] Ordering a discharge here for tardiness in holding the fitness hearing is neither appropriate nor required." Durham, 142 Ill. App. 3d at 484.

Like section 104-16 of the Code, discussed in Durham, section 104-15 itself provides no sanction for a violation of its mandate that a fitness examination should be submitted to the parties and the court within 30 days from when it is ordered. Accordingly, even if trial counsel had raised the objection contemplated by defendant, he would not have been successful in obtaining defendant's discharge. Additionally, defendant has not cited authority supporting his position that, had his trial counsel raised an objection due to noncompliance with section 104-15(a), the subsequent delay would not have been charged to defendant. As discussed in our order on direct appeal, continuances to obtain a fitness examination toll the term set out in section 103-5 of the Code. See Oliver, No. 1-00-2089, slip op. at 37-38. Because we find that the issue underlying this claim of ineffective assistance of appellate counsel is without merit, we

˘10˘

find that defendant failed to adequately state this particular claim of ineffective assistance. Accordingly, this claim was properly dismissed.

Defendant next contends that appellate counsel was ineffective for failing to bring to this court's attention that, in deciding defendant's direct appeal, we cited an inapplicable amendment to section 103-5(a) of the Code.

At the time that of the commission of defendant's crimes and during the delay caused by the court's request for a fitness examination of defendant, section 103-5(a) of the Code provided that every person in custody for an alleged offense shall be tried

"within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for fitness pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." 725 ILCS 5/103-5(a) (West 1996).

However, Public Act 90-705 amended section 103-5(a) of the Code, providing, "Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." Pub. Act 90-705 § 5, eff. January 1, 1999. This amendment did not take effect until January 1, 1999.

Here, defendant and the State dispute whether Public Act 90-705 applied to defendant's case. Defendant argues that the preamendment statute, which was in effect when the crimes were committed, when the trial court ordered the fitness examination and when the fitness

examination report was tendered to the court and the parties, should apply to his case. The State argues that the amended statute should apply retroactively to defendant's case because the amendment was a procedural rather than a substantive change in the law. We need not address whether the amendment applied to defendant's case because, in any case, the amendment did not affect our finding on direct appeal that the speedy trial term was tolled by the order for a fitness examination of defendant.

If, as defendant contends, we had indeed based our holding on the amendment to section 103-5(a) of the Code, and defendant were correct that the amendment did not apply to defendant's case, appellate counsel may in fact have been ineffective for failing to bring the error to this court's attention. However, on direct appeal, we based our holding on the language of the statute and on the many cases, decided prior to the effective date of Public Act 90-705, which provide that a delay occasioned by a fitness examination tolls the speedy trial term regardless of whether the defendant objected to the delay. Accordingly, while we quoted section 103-5(a) of the Code as amended by Public Act 90-705, our holding was not based on the fact that defendant did not object to the delay. Defendant has not shown that he was prejudiced by his appellate counsel's failure to argue to the court that Public Act 90-705 did not apply to defendant's case. We therefore find that the trial court did not err in dismissing this allegation of defendant's postconviction petition.

For the above-stated reasons, we affirm the judgment of the trial court.

Affirmed.

CAMPBELL and MURPHY, JJ., concur.

1-05-1559